**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5192**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

VERNARD JEROME MATHIS, a/k/a Cuz,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.   Joseph F. Anderson, Jr., Chief
District Judge.   (0:02-cr-01173-JFA-1)

Submitted:  July 29, 2009          Decided:  August 12, 2009

Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John D. Elliot, Columbia, South Carolina, for Appellant.  Robert
Frank Daley, Jr., Marshall Prince, II, Assistant United States
Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vernard Jerome Mathis appeals his sentence imposed after a remand. At trial, the jury was not instructed to make an individualized determination regarding drug quantity with respect to Mathis and his role in the drug conspiracy for which he was convicted. On appeal, his sentence was vacated and remanded to the district court for resentencing because the jury did not make any determination regarding drug quantity with respect to Mathis, nor did Mathis admit to being responsible for a particular drug quantity. The court ruled Mathis faced a twenty-year maximum sentence under 21 U.S.C. § 841(b)(1)(C) (2006). While the court found no error with Mathis' conviction, the court declined to rule on Mathis' claim that the district court abused its discretion ordering the sentence run consecutive to the five life sentences Mathis was serving in state custody. See United States v. Brooks, 524 F.3d 549, 555 n.10, 560-61 (4th Cir.), cert. denied, 129 S. Ct. 519 (2008).

At resentencing, the district court found that because of the maximum statutory sentence, Mathis' Sentencing Guidelines sentence was twenty-years' imprisonment. After some discussion about whether the sentence should run concurrently, partially concurrent or consecutively to Mathis' state-imposed life sentences, the court ordered Mathis to serve a twenty-year sentence to run consecutively to the state sentences.

2

Mathis' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious arguments for appeal, but raises for the court's consideration, whether the district court erred imposing a consecutive sentence. Mathis was notified of the opportunity to file a pro se supplemental brief, but did not do so. The Government chose not to file a brief.

This court reviews a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). In reviewing a sentence, the appellate court must first ensure that the district court committed no procedural error, such as failing to calculate or improperly calculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range. Gall, 552 U.S. at __, 128 S. Ct. at 597. If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. Id. A substantive reasonableness review entails taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quotations and citation omitted).

3

Further, this court may presume a sentence within the guidelines range to be reasonable.  Id.

Under U.S. Sentencing Guidelines Manual § 5G1.3(c), in any case involving an undischarged term of imprisonment, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."  In reaching its decision, the court should consider the § 3553(a) sentencing factors, the type and length of the undischarged sentences, the time served and the time likely to be served on the undischarged sentences, whether the undischarged sentence was imposed in state court or federal court and any other circumstances relevant to the determination.  See USSG § 5C1.3 (cmt. n.3(A)).  In addition, subsection (c) does not authorize a downward departure for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment.  See USSG § 5C1.3 (cmt. n.3(E)).

We find there was no abuse of discretion with respect to either the length of the sentence or that it will run consecutively to the state sentences.  There was no error with the Guidelines calculations or the twenty-year statutory maximum sentence.  The district court understood the Guidelines were advisory and that it was to consider the § 3553(a) sentencing

4

factors. The court imposed a consecutive sentence because Mathis' state convictions were unrelated to the drug conspiracy and were not used as relevant conduct within the Guidelines' calculations. The court also noted that it agreed with all the Government's arguments in favor of a consecutive sentence, including the claim that if the sentence was to run concurrent, he would have in essence received no prison time for the drug conviction.

Because we find no abuse of discretion in the twenty-year sentence, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED